## COUNTY OF WORCESTER, OCTOBER TERM 1848, AT WORCESTER.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE, ⎫
Hon. CHARLES E. FORBES, ⎬ Justices.
Hon. THERON METCALF, ⎭

MEMORANDUM.

On the seventh day of October, 1848, the Hon. Charles E. Forbes resigned the office of Justice of this court.

---

## Benjamin F. Bacon vs. James H. Benchley & others.

If selectmen, being in session for the purpose of revising the list of voters, previous to a town meeting, upon the application of one whom they know to be a legal voter, refuse to place his name on the list, and inform him that they shall not do so, in consequence of which he omits to offer his vote, at the meeting, the selectmen will be liable in an action on the case for such refusal, notwithstanding the voter does not offer his vote : But if, after such refusal, the selectmen reconsider their determination, and place the voter's name on the list, before the opening of the meeting, so that his vote, if offered, would be received at the first voting or balloting, the selectmen will not be so liable.

THIS was an action on the case, against the defendants, as selectmen of the town of Millbury, for refusing to put the plaintiff's name on the list of voters, and thereby preventing him from voting at the town meeting held in March, 1847.

The plaintiff alleged in his declaration, that the inhabitants of Millbury held their annual meeting for the choice of town officers, on the first Monday of March, 1847, at which the usual town officers were chosen; that the defendants were then and previously the selectmen of Millbury, and, as such selectmen, were in session on the day of the meeting and before the same was opened (having first given due notice thereof), in order to receive evidence of the qualifications of persons claiming a right to vote in the election, and also to correct the list of voters; that the plaintiff then was and for four years previous had been a legal voter of Millbury, and had a legal right to vote for town officers at the meeting; that, for fifteen years previous thereto, he had dwelt and had his home in Millbury; that he was twenty-five years of age and upwards, and had paid a tax in Millbury, which had been assessed on him within two years next preceding the meeting, and his name was on the list of voters in November, 1846; that, while the defendants were in session, as above mentioned, on the day of the election, the plaintiff went before them and furnished them with sufficient evidence of his having the legal qualifications of a voter at the annual meeting, and of his legal right to be put upon the list of voters, in order to vote therein, and requested the defendants to put his name on the list of voters; that the defendants well knew that the defendant was then a legal voter of Millbury, and had a right to have his name added to the list of voters, in order to vote in the annual meeting; but, that, contriving to injure the plaintiff, and deprive him of the right of suffrage to which he was by law entitled, the defendants did, then and there, wilfully and maliciously, refuse to add to and put his name on the list of voters; by reason of which he was greatly injured and was deprived of his right of suffrage and prevented from voting at such annual town meeting.

9 *

The defendants pleaded the general issue, which **was** joined, and the cause was tried thereon before *Forbes*, J., in the court of common pleas.

On the trial, it was admitted, that a town meeting was held in Millbury, on the first Monday of March, 1847, for the election of town officers ; and that the plaintiff was then a legal voter, and the defendants were the selectmen, of that town. There was evidence, that the plaintiff, on the morning of the town meeting, before the same was organized, and while the selectmen were in session to receive evidence of the qualifications of voters, and to revise the list, went before them and applied to have his name put upon the list, and that they refused the application.

There was also evidence, that, at the time of the plaintiff's application to the defendants, they knew he was a legal voter, and refused to put his name on the list, because, as it was said, he was under sentence for violating the license laws ; that the plaintiff had examined a list of voters posted up in the village where he lived, and was unable to find his name on the same ; that the defendants, at some time on the day of the meeting, had doubts whether the plaintiff was or was not disqualified as a voter, in consequence of the sentence imposed upon him as above stated, and that, after more mature deliberation, they concluded to let him vote ; but it did not appear, by any direct evidence, at what time on the day of the meeting, they so altered their minds, or whether it was after their session had closed and some of the town officers had been elected or not. There was evidence, that the plaintiff's name was not on the list of voters ; also, that it was thereon before the meeting was opened ; and that if put on at all, it was not put on until after the moderator was chosen.

The plaintiff requested the judge to instruct the jury, that if the plaintiff's name was added to the list, after the selectmen had decided in his hearing not to add his name to the list, they would be liable unless they informed the plaintiff of their change of opinion, in season to enable him to vote for moderator and other officers.

The judge declined so to instruct the jury, but instructed them as follows : — " That if while the defendants were in session, for the purpose of revising the list of voters, the plaintiff applied to them to have his name placed on the list, and the defendants, knowing that the plaintiff was a legal voter, did not place his name on the list, and informed him that they should not do so, in consequence of which information the plaintiff omitted to offer his vote, the defendants would be liable, notwithstanding the plaintiff did not offer his vote : But that the defendants were at liberty to revise their opinion, at any time during their session, and if they finally decided in favor of the plaintiff, and did in fact place his name upon the list of voters before the opening of the meeting, so that his vote, if offered, would have been received at the first voting or balloting, this action could not be maintained."

The jury returned a verdict for the defendants, and the plaintiff thereupon filed exceptions.

*A. G. Randall*, for the defendants.

*O. L. Bridges*, for the plaintiff.

BY THE COURT. The gravamen of the plaintiff's complaint is the maliciously refusing to place his name on the list of voters. The effect of the charge to the jury was, that if the defendants did put the plaintiff's name on the list, before the opening of the town meeting, the action could not be maintained. This instruction was correct. It negatived the material averment in the declaration, and proceeded on the ground, that until the close of the session for revising the " list," the selectmen had authority to alter it, and insert a name ; and that it was the plaintiff's duty to ascertain, after the close of the " list," that his name was not on it, before he could hold the defendants liable in this action. This, we think, was right. The effect of the finding under the instruction was, that the defendants did seasonably place the plaintiff's name on the list; and, consequently, unless he offered his vote, he could not complain that it was refused.

There was a motion for a new trial, on the ground of newly discovered evidence, which was not sustained by the proof.                                    *Exceptions overruled.*